UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Lucinda Jackson Dorsey**, | |
| Plaintiff, | Case No. |
| v. | |
| **Diversified Consultants, Inc.**, | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Lucinda Jackson Dorsey**, (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Diversified Consultants, Inc.** (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (FDCPA).

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action under 15 U.S.C. § 1692k(d), which states that FDCPA actions may be brought and heard before "any appropriate United States district court without regard to the amount in

controversy," and under 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States.

3. This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of Michigan.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Detroit, Michigan 48828.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a corporation with headquarters located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida 32256.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Within the one year period preceding the filing of this Complaint and continuing through October 2017, Defendant repeatedly called Plaintiff on both of

her home and cellular telephones seeking to speak with Plaintiff's husband, William Dorsey.

11. Upon information and belief, the debt arose from a transaction primarily for personal, household, or family purposes.

12. On numerous occasions Plaintiff told Defendant to stop calling her.

13. However, despite Plaintiff's clear demand to refrain from contacting her, Defendant persisted in calling Plaintiff through October 2017.

14. Once Defendant was informed that its calls were unwanted and that Plaintiff wanted it to stop calling, there was neither a good-faith reason nor a lawful purpose for Defendant to continue calling.

15. Further, any continued calls could only have been placed for the purpose of harassing Plaintiff.

16. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure, especially when the calls to Plaintiff's cellular telephone caused it to ring during church services on Sundays and when Defendant called during her mother's funeral service.

17. At least one of Defendant's calls to Plaintiff within the past year was made before 8:00 a.m. local time at Plaintiff's location.

18. Plaintiff never provided Defendant any information to suggest that receiving calls before 8:00 a.m. local time would be convenient for her.

19. Defendant's actions as described herein were taken with the intent to harass, upset and coerce Plaintiff to pay the alleged debt.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA

20. Plaintiff incorporates forgoing paragraphs as though the same were set forth at length herein.

21. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

22. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

23. Defendant violated both Section 1692d and 1692d(5) of the FDCPA when it placed repeated harassing telephone calls knowing that its calls were unwanted.

## COUNT II
## DEFENDANT VIOLATED § 1692c(a)(1) OF THE FDCPA

24. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25. Section 1692c(a)(1) of the FDCPA forbids a debt collector from communicating with a consumer in connection with the collection of any debt before 8:00 a.m. or after 9:00 p.m. local time at the consumer's location unless it has knowledge of circumstances making such communications at such times not inconvenient to Plaintiff.

26. Defendant violated Section 1692c(a)(1) of the FDCPA when it contacted Plaintiff prior to 8:00am.

**Wherefore**, Plaintiff, **Lucinda Jackson Dorsey**, respectfully prays for judgment as follows:

   a. All actual damages Plaintiff suffered (as provided in 15 U.S.C. § 1692k(a)(1));

   b. Statutory damages of $1,000 for the violation of the FDCPA (as provided under 15 U.S.C. § 1692k(a)(2)(A));

   c. All reasonable attorneys' fees, witness fees, court costs, and other litigation costs (as provided under 15 U.S.C. § 1693k(a)(3));

    d.  Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Lucinda Jackson Dorsey**, demands a jury trial in this case.

Respectfully submitted,

Dated: 9/14/18

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com